MARSHA E. DIEDRICH (State Bar No. 093709)
CASONDRA K. RUGA (State Bar No. 237597)
EVAN W. WOOLLEY (State Bar No. 286385)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
Email:  marsha.diedrich@alston.com
  casondra.ruga@alston.com
  evan.woolley@alston.com

Attorneys for Plaintiff
LALTITUDE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALTITUDE, LLC, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>18TH AVENUE TOYS, LTD., a New York corporation, and YAACOV SCHWARTZ, an individual.<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR: (1) DECLARATORY RELIEF; (2) UNFAIR BUSINESS PRACTICES, Cal. Bus. & Prof. Code § 17200; (3) TRADE LIBEL; AND (4) INTENTIONAL INTERFERENCE**<br><br>Filed: August 31, 2016 |

COMPLAINT

LEGAL02/36609802v3

Plaintiff Laltitude, LLC ("Plaintiff" or "Laltitude") hereby alleges and states as follows:

## INTRODUCTION

1. This action arises out of Defendants Yaacov Schwartz's and 18th Avenue Toys, Ltd.'s ("18th Ave") efforts to eliminate its competition in the crowded and competitive market for magnetic tile toys. Laltitude and 18th Ave are competitors in the magnetic tile toy market. Despite Laltitude's earlier entry into the market, Mr. Schwartz and 18th Ave registered a copyright and applied for a design patent after Laltitude's magnetic tiles were already for sale. The copyright registration and design patent is invalid because each claims functional features of the magnetic tiles. Based on its improperly secured copyright registration and design patent, 18th Ave has notified online marketplace Amazon.com of its purported rights and has succeeded in having Laltitude's product listings for its magnetic tile toys taken down. The removal of its Amazon.com listings has resulted in a loss of sales and goodwill for Laltitude. 18th Ave's conduct and efforts in attempting to eliminate its competition in the magnetic tile toy market crosses the line between fair competition and tortious behavior.

## PARTIES TO THE ACTION

2. Plaintiff Laltitude is a California corporation with its principal place of business in Diamond Bar, California. Laltitude is an importer of consumer goods, including the popular magnetic tile toy brand PICASSOTILES®.

3. On information and belief, Defendant 18th Ave is a New York corporation with its principal place of business at 5506 18th Avenue, Brooklyn, New York 11204. 18th Ave is a competitor to Laltitude in the magnetic tile toy market.

4. On information and belief, Defendant Yaacov Schwartz is an individual residing in New York. Mr. Schwartz is the principal of 18th Ave and the owner of record of United States Design Patent D713,891.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Laws of the United States, 17

U.S.C. §§ 101, *et seq*.; Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.; the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202; and California common law.

6. This Court has jurisdiction over the parties and the subject matter of the action pursuant 28 U.S.C. §§ 1331, 1332, and 1338. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims not brought under a federal statute because those claims are related to, and form part of the same case or controversy as the federal question claims. Complete diversity exists because Plaintiff Laltitude is a California corporation with a principal place of business in California, Defendant 18th Ave is a New York corporation with a principal place of business in New York, and Yaacov Schwartz is an individual residing in New York. The amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over 18th Ave because 18th Ave markets its products in California and its products are sold in California.

8. This Court has personal jurisdiction over Yaacov Schwartz because as the principal of 18th Ave he participates in the marketing and selling of 18th Ave products in California. On information and belief, Mr. Schwartz licensed United States Design Patent D713,891 to 18th Ave in connection with 18th Ave's marketing and selling of products, including in California.

9. Venue is proper under 28 U.S.C. §§ 1391(b). Mr. Schwarz and 18th Ave markets their products in this district, the alleged acts have occurred or are occurring in this district, and Mr. Schwartz and 18th Ave is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

### The Crowded Market for Magnetic Tile Toys

10. The market for magnetic tile toys is crowded and competitive. Valtech LLC launched its brand of magnetic tiles, MAGNA-TILES® in 1997.

11. Laltitude's PICASSOTILES® were first made available for sale in April

2013.

12.  Consumers quickly took notice of PICASSOTILES®, with the first review on Amazon.com posted on May 24, 2013.

13.  The first Amazon.com review of the 18th Ave magnetic tiles was posted on August 5, 2013, months after Laltitude's PICASSOTILES® entered the market.

14.  On June 14, 2014, MagWorld demonstrated its own magnetic building tiles at the Japan Toy Fair. On information and belief, Laltitude alleges that 18th Ave's current magnetic building tiles design is substantially similar to MagWorld's pre-existing original magnetic building tiles design, which was already made available to the public in June 2014, prior to 18th Ave's current version of its magnetic building tiles.

15.  As demonstrated in the below table, the various magnetic tile toys appear to have similar designs:



| Valtech MAGNA-TILES® [1] | Laltitude PICASSOTILES® [2] |
|---|---|
|  |  |

---

[1] Product image from <http://www.magnatiles.com/wp-content/uploads/04300_1-600x472.jpg>
[2] Product image from <http://www.picassotiles.com/product-page/b58a79ed-4cfb-1b51-a320-9a36634a7bb4>.



| 18th Ave PLAYMAGS® [3] | MagWorld[4] |

16. The designs of the various magnetic tile toys are similar because so many of the core features of the designs are purely functional. The corners of the tiles are rounded to avoid sharp edges that could injure children. The interior of the tiles include a lattice that provides structural integrity. The edges of the interior lattice include pockets to hold the magnets that help bind different tiles together. The tiles include rivets to fasten the two halves of the tiles together. The tiles are manufactured through plastic injection molding, and this includes solid points that correspond to the injection



---

[3] Product image from <http://playmags.net/wp-content/uploads/2014/09/rocket-222x300.jpg>.
[4] Product image from <http://www.magworldtoys.com/wp-content/uploads/2016/03/Rainbow_14_Piece_00010-180x180.jpg>.

points. The annotated figure below is illustrative of these functional features:[5]

**18th Ave's Anticompetitive Use of D713,891**

17. On May 27, 2013 (over a month after PICASSOTILES® entered the market, and over a decade after Valtech's MAGNA-TILES® entered the market), Yaacov Schwartz, principal of 18th Ave, filed an application for a design patent that eventually issued as D713,891 on September 23, 2014. The design patent, entitled "Magnetic board game," claims the following designs:

FIG. 2

FIG. 7



FIG. 15



FIG. 11



18. Design patent protection is limited to an "original and ornamental design." 35 U.S.C. § 171(a). The drawings in D713,891, however, do not include ornamental designs distinct from the functional aspects of the magnetic tiles including rounded edges, internal structural lattice, and pockets for magnets. Mr. Schwartz and 18th Ave were well aware of the crowded nature of the magnetic tile toy market, and that it was not the original creator of the functional features claimed in D713,891 including the rounded corners, internal lattice, and pockets for magnets. Despite this knowledge, Mr. Schwartz and 18th Ave persisted in seeking design patent protection not to protect novel

---

[5] Product image from < http://www.picassotiles.com/product-page/b58a79ed-4cfb-1b51-a320-9a36634a7bb4 >.

ornamental designs that it had created, but rather to stifle competition with ill-gotten patent rights.

19. On March 23, 2016, counsel for Mr. Schwartz and 18th Ave contacted Laltitude by email and U.S. mail accusing PICASSOTILES® of infringing D713,891. The communication enclosed a copy of D713,891. Mr. Schwartz and 18th Ave requested that Laltitude discontinue the sale of PICASSOTILES® and remove the product listings from pages like Amazon.com. Mr. Schwartz and 18th Ave warned Laltitude that it could be liable for damages, costs, and attorneys' fees.

20. On information and belief, Laltitude alleges that Mr. Schwartz and 18th Ave contacted Amazon.com with takedown requests for various PICASSOTILES® listings based on alleged infringement of D713,891. On information and belief, Laltitude alleges that Mr. Schwartz and 18th Ave made these design patent infringement allegations despite their knowledge that they had no enforceable rights in D713,891 and despite their knowledge that Laltitude's magnetic tile products actually predated 18th Ave's products. Laltitude further alleges on information and belief that Mr. Schwartz and 18th Ave made these allegations with the intent of depriving Laltitude of marketing and sales channels to harm Laltitude's place in the market, and thus acted in objective bad faith. On information and belief, Laltitude alleges that Amazon.com did not remove Laltitude's PICASSOTILES® listings in response to this request.

**18th Ave's Anticompetitive Use of VA 1-998-106**

21. With Amazon.com unresponsive to Mr Schwartz's and 18th Ave's frivolous claims of design patent infringement, 18th Ave continued searching for ways to interfere with its competition in the magnetic tile toy market.

22. On March 30, 2016, 18th Ave registered with the United States Copyright Office Registration Number VA-1-998-106 for a work entitled "SHAPE MAGS." The copyright claims include the following designs:

///

///

6




140*140*75 等腰长三角形

70*70*97 等腰直角三角形




3孔7字形

Copyright protection is only available for "original works of authorship" (17 U.S.C. § 102) and excludes "useful articles" that do not have "pictoral, graphic, or sculptural features" that "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article" (17 U.S.C. § 101). Copyright registration VA-1-998-106, however, claims only functional features of the magnetic tiles and is thus invalid. Laltitude alleges on information and belief that 18th Ave was well aware of the crowded nature of the magnetic tile toy

7

market, and that it was not the original creator of the functional features claimed in VA-1-998-106 including the rounded corners, internal lattice, and pockets for magnets.  The copyright registration VA-1-998-106 lists the year of completion for its tiles as 2014, and the date of first publication of 18th Ave's magnetic tiles as May 1, 2015 – both dates are later than the launch of Laltitude's PICASSOTILES® in April 2013.  Despite this knowledge, 18th Ave persisted in seeking copyright protection not to protect novel ornamental designs that it had created, but rather to stifle competition with ill-gotten copyrights.

23.  On April 5, 2016, counsel for 18th Ave contacted Laltitude by letter and email accusing Laltitude of infringing copyright registration VA-1-998-106 and design patent D713,891.  18th Ave demanded that Laltitude immediately cease and desist the sale of certain PICASSOTILES® products and that if Laltitude did not immediately comply 18th Ave would seek relief in federal court.

24.  On April 8, 2016, 18th Ave sent a copyright complaint to Amazon.com based on alleged infringement of copyright registration VA-1-998-106.  Laltitude alleges on information and belief that 18th Ave made these copyright infringement allegations despite the knowledge that it had no enforceable rights in VA-1-998-106 and despite the knowledge that Laltitude's magnetic tile products actually predated 18th Ave's products.  Laltitude further alleges on information and belief that 18th Ave made these allegations with the intent of depriving Laltitude of marketing and sales channels to harm Laltitude's place in the market, and thus acted in objective bad faith.

25.  On April 13, 2016, Amazon removed Laltitude's product listings "Amazon ASIN B019S91TUI", "Amazon ASIN B01C9AP64I" for the PICASSOTILES® 42 piece set.

26.  On June 9, 2016, 18th Ave sent further copyright complaints to Amazon.com to remove PICASSOTILES® product listings "B00APVXSM6" and "B00AU56C5W" for the 100 piece and 60 piece sets.

27.  On June 13, 2016, Amazon.com removed Laltitude's product listings

"B00AU56C5W", "B00APVXSM6", "B01C9AP64I", and "B00APVXSM6".

28. Laltitude was not provided a copy of copyright registration VA-1-998-106 until July 11, 2016.

29. As of July 2016, Laltitude had discontinued sales of the first generation PICASSOTILES® 42-piece set due to 18th Ave's claims of design patent and copyright infringement. The remaining unsold inventory of the 42-piece set is a financial loss to Laltitude.

30. Laltitude has lost sales and goodwill as a result of the removed product listings. Laltitude has received several inquiries from customers regarding the availability of PICASSOTILES® sets that were removed from Amazon.com based on 18th Ave's copyright and design patent complaints.

31. Mr. Schwartz's and 18th Ave's anticompetitive use of D713,891 and VA-1-998-106 has also disrupted Laltitude's relationship with its distributors and resellers.

## FIRST CAUSE OF ACTION

(Declaration of Copyright Invalidity Against Defendant 18th Ave)

(17 U.S.C. §§ 101 *et seq.*; 28 U.S.C. § 2201)

32. Laltitude re-alleges and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 32 above.

33. The VA-1-998-106 copyright registration is invalid under 17 U.S.C. § 101 for failure to claim a copyright-eligible original work of authorship. The VA-1-998-106 copyright registration is directed to a useful article and does not contain any copyrightable features separable from the utilitarian features of the article.

34. By virtue of the foregoing, there is a justiciable controversy between Laltitude and 18th Ave as to the validity of copyright no. VA-1-998-106, and as to Laltitude's right to make, sell, import, or use its PICASSOTILES® products.

35. Laltitude is entitled to a declaratory judgment that copyright no. VA-1-998-106 is invalid.

## SECOND CAUSE OF ACTION

(Declaration of Noninfringement of Copyright Against Defendant 18th Ave)

(17 U.S.C. § 501; 28 U.S.C. § 2201)

36. Laltitude re-alleges and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 36 above.

37. Laltitude's products do not infringe and have not infringed the VA-1-998-106 copyright registration.

38. By virtue of the foregoing, there is a justiciable controversy between Laltitude and 18th Ave as to Laltitude's right to make, sell, import, or use its PICASSOTILES® products.

39. Laltitude is entitled to a declaratory judgment that it is nit infringing and has not infringed copyright no. VA-1-998-106.

## THIRD CAUSE OF ACTION

(Declaration of Design Patent Invalidity Against Defendant Yaacov Schwartz)

(35 U.S.C. §§ 171 *et seq.*; 28 U.S.C. § 2201)

40. Laltitude re-alleges and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 40 above.

41. Design patent D713,891 is invalid under 35 U.S.C. § 101 for failure to claim design patent-eligible ornamental features. The D713,891 patent is directed to functional features.

42. By virtue of the foregoing, there is a justiciable controversy between Laltitude and Yaacov Schwartz as to the validity of design patent D713,891, and as to Laltitude's right to make, sell, import, or use its PICASSOTILES® products.

43. Laltitude is entitled to a declaratory judgment that design patent D713,891 is invalid.

///

///

## FOURTH CAUSE OF ACTION

(Declaration of Noninfringement of Design Patent Against Defendant Yaacov Schwartz)

(35 U.S.C. § 289; 28 U.S.C. § 2201)

44. Laltitude re-alleges and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 44 above.

45. Laltitude's products do not infringe and have not infringed design patent D713,891.

46. By virtue of the foregoing, there is a justiciable controversy between Laltitude and Yaacov Schwartz as to Laltitude's right to make, sell, import, or use its PICASSOTILES® products.

47. Laltitude is entitled to a declaratory judgment that it is nit infringing and has not infringed design patent D713,891.

## FIFTH CAUSE OF ACTION

(Unfair Business Practices Against All Defendants)

(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

48. Laltitude re-alleges and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 48 above.

49. As alleged above, Mr. Schwartz and 18th Ave engaged in wrongful acts and conduct including but not limited to: (a) demanding that Amazon.com take down Laltitude's product listings for PICASSOTILES® based on alleged infringement of design patent D713,891 even though it knew D713,891 to be invalid and not infringed; and (b) demanding that Amazon.com take down Laltitude's product listings for PICASSOTILES® based on alleged infringement of copyright registration number VA-1-998-106 even though it knew VA-1-998-106 to be invalid and not infringed.

50. Through the above acts, Mr. Schwartz and 18th Ave has engaged in both unfair and fraudulent business acts or practices within the meaning of California's

Unfair Practices Act, California Business and Professions Code section 17200 et seq.

51. Mr. Schwartz's and 18th Ave's conduct constitute an unfair business practice because they deprive Laltitude of sales and marketing channels. By disseminating false representations and unlawful demands, Mr. Schwartz and 18th Ave has and continues to significantly threaten and harm competition, These harms and demands imposed on Laltitude and its distributors far outweigh whatever benefits Mr. Schwartz and 18th Ave might gain by making demands without a legal right to do so,

52. Mr. Schwartz's and 18th Ave's activities constitute a fraudulent business practice because, as discussed above, Mr. Schwartz's and 18th Ave's representations and threats of patent and copyright infringement were false and misleading. Mr. Schwartz and 18th Ave knew that the features claimed in design patent D713,891 and copyright registration VA-1-998-106 were functional, and thus ineligible for design patent and copyright protection. The takedown requests to Amazon.com invoking these alleged copyright and patent rights were bad faith attempts to deprive Laltitude of marketing and sales channels.

53. Amazon.com, as an Internet service provider under the Digital Millennium Copyright Act with a copyright infringement safe harbor dependent on swift removal of allegedly infringing content, is likely to be deceived and was deceived by Mr. Schwartz's and 18th Ave's fraudulent threats and representations made in its takedown requests.

54. Laltitude has suffered an injury-in-fact under Cal. Bus. & Prof. Code § 17204. Amazon.com relied on Mr. Schwartz's and 18th Ave's bad faith assertions and removed numerous product listings for PICASSOTILES®, including Amazon.com listing numbers "ASIN B019S91TUI," "ASIN B01C9AP64I," "B00APVXSM6," and "B00AU56C5W." In addition, Laltitude has had to expend attention, time and resources to prepare extra advertising and incur extra marketing costs to make up for the lost marketing opportunities as a result of Mr. Schwartz's and 18th Ave's takedown requests. Finally, Laltitude's brand and goodwill has suffered injury as a result of Mr.

Schwartz's and 18th Ave's allegations.

55. Laltitude is informed and believes, and based thereon alleges, that Mr. Schwartz and 18th Ave has engaged in the conduct alleged herein with a conscious disregard of Laltitude's rights, and with an intent to vex, injure, or annoy such as to constitute oppression, fraud, or malice, thereby entitling Laltitude to punitive damages in an amount appropriate to punish or make an example of Mr. Schwartz and 18th Ave.

56. Furthermore, Mr. Schwartz and 18th Ave has profited and in the future will profit unjustly from their unjust business practices. Accordingly, pursuant to Cal. Bus. & Prof. Code § 17203, Laltitude seeks an award representing the amount of ill-gotten gains that must be disgorged by Mr. Schwartz and 18th Ave.

## SIXTH CAUSE OF ACTION

(Trade Libel Against All Defendants)

57. Laltitude re-alleges and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 57 above.

58. Through the design patent and copyright takedown requests sent to Amazon.com, Mr. Schwartz and 18th Ave published untrue statements of fact, including the statements that Laltitude's PICASSOTILES® infringed Mr. Schwartz's design patent rights; that PICASSOTILES® infringed 18th Ave's copyright, and that Mr. Schwartz and 18th Ave had the right to demand that Amazon.com remove Laltitude's product listings.

59. Mr. Schwartz 's and 18th Ave's statements were false in that, among other things, (a) Mr. Schwartz did not have enforceable design patent rights in D713,891; (b) Laltitude's PICASSOTILES® did not infringe any design patent rights; (c) 18th Ave did not have enforceable copyrights in VA-1-998-106; and (d) Laltitude's PICASSOTILES® did not infringe any copyright in VA-1-998-106.

60. Mr. Schwartz and 18th Ave knew its statements were false or made with reckless disregard for the truth in that Mr. Schwartz and 18th Ave knew that they were

not the original authors or creators of the features claimed in D713,891 and VA-1-998-106, and that Laltitude's PICASSOTILES® actually predated Mr. Schwartz's and 18th Ave's design patent and copyright.

61.     Mr. Schwartz's and 18th Ave's statements were not mere statements of opinion.

62.     As a direct and proximate result of the wrongful acts and conduct of Mr. Schwartz and 18th Ave, Laltitude has suffered and will continue to suffer general damages, including lost profits in an amount at trial.

63.     Laltitude is informed and believes, and based thereon alleges, that Mr. Schwartz and 18th Ave has engaged in the conduct alleged herein with a conscious disregard of Laltitude's rights, and with an intent to vex, injure, or annoy such as to constitute oppression, fraud, or malice, thereby entitling Laltitude to punitive damages in an amount appropriate to punish or make an example of Mr. Schwartz and 18th Ave.

### SEVENTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic Advantage Against All Defendants)

64.     Laltitude re-alleges and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 64 above.

65.     At all times relevant hereto, Laltitude had existing relationships with existing and potential customers, all of which had and have a substantial probability of resulting in economic benefit to Laltitude.  Mr. Schwartz and 18th Ave was aware of these relationships, and of the probable economic advantage to Laltitude.

66.     As alleged above, Mr. Schwartz and 18thh Ave engaged in wrongful acts and conduct including but not limited to: (a) demanding that Amazon.com take down Laltitude's product listings for PICASSOTILES® based on alleged infringement of design patent D713,891 even though they knew D713,891 to be invalid and not infringed; and (b) demanding that Amazon.com take down Laltitude's product listings

for PICASSOTILES® based on alleged infringement of copyright registration number VA-1-998-106 even though they knew VA-1-998-106 to be invalid and not infringed.

67. The wrongful acts and conduct of Mr. Schwartz and 18th Ave were designed to interfere, and did interfere, with such relationships, thereby causing Laltitude to lose the economic advantages to which it was entitled. It is extremely likely that these relationships would have resulted in significant economic advantage to Laltitude had Mr. Schwartz and 18th Ave not improperly interfered with them.

68. As a direct and proximate result of Mr. Schwartz's and 18th Ave's wrongful acts and conduct, Laltitude has suffered and will continue to suffer general and special damages, including lost profits in an amount to proven at trial.

69. Laltitude is informed and believes, and based thereon alleges, that Mr. Schwartz and 18th Ave has engaged in the conduct alleged herein with a conscious disregard of Laltitude's rights and with an intent to vex, injure, or annoy such as to constitute oppression, fraud, or malice, thereby entitling Laltitude to punitive damages in an amount appropriate to punish or make an example of Mr. Schwartz and 18th Ave.

## EIGHTH CAUSE OF ACTION
(Intentional Interference with Existing Contractual Relations Against All Defendants)

70. Plaintiff re-alleges and incorporates by reference, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 70 above.

71. At all times relevant hereto, Laltitude had existing contractual relations with distributors and resellers whereby Laltitude would derive and economic benefit of selling PICASSOTILES® in exchange for payment.

72. At all times relevant hereto, Laltitude had a reasonable expectancy of profit to be derived as a result of its contractual relations with the distributors and resellers.

73. At all times relevant hereto, Mr. Schwartz and 18th Ave knew of the contractual relationships existing between Laltitude and the distributors and resellers, and Mr. Schwartz and 18th Ave knew of Laltitude's reasonable expectation of profit

based upon such existing contractual relationships.

74. Beginning with the takedown request to Amazon.com based on design patent D713,891, and continuing to the present, Mr. Schwartz and 18th Ave made false and misleading threats of patent and copyright infringement specifically design to interfere with Laltitude's contractual relationships with the distributors and resellers. This conduct has interfered with Laltitude's distributors' and resellers' sales and marketing of PICASSOTILES®, thereby causing Laltitude serious economic harm.

75. As alleged above, Mr. Schwartz and 18th Ave engaged in wrongful acts and conduct including but not limited to: (a) demanding that Amazon.com take down Laltitude's product listings for PICASSOTILES® based on alleged infringement of design patent D713,891 even though they knew D713,891 to be invalid and not infringed; and (b) demanding that Amazon.com take down Laltitude's product listings for PICASSOTILES® based on alleged infringement of copyright registration number VA-1-998-106 even though they knew VA-1-998-106 to be invalid and not infringed.

76. As a direct and proximate result of Mr. Schwartz's and 18th Ave's wrongful acts and conduct, Laltitude has suffered and will continue to suffer general and special damages, including lost profits in an amount to proven at trial.

77. Laltitude is informed and believes, and based thereon alleges, that Mr. Schwartz and 18th Ave has engaged in the conduct alleged herein with a conscious disregard of Laltitude's rights and with an intent to vex, injure, or annoy such as to constitute oppression, fraud, or malice, thereby entitling Laltitude to punitive damages in an amount appropriate to punish or make an example of Mr. Schwartz and 18th Ave.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### ON ALL CAUSES OF ACTION

1. For costs of suit incurred herein; and
2. For such other and further relief as the court may deem necessary and

proper.

**ON THE FIRST CAUSE OF ACTION**

3. For a declaration that 18th Ave's copyright registration VA-1-998-106 is invalid.

**ON THE SECOND CAUSE OF ACTION**

4. For a declaration that 18th Ave's copyright registration VA-1-998-106 is not infringed by Laltitude.

**ON THE THIRD CAUSE OF ACTION**

5. For a declaration that Yaacov Schwartz's United States Design Patent D713,891 is invalid.

**ON THE FOURTH CAUSE OF ACTION**

6. For a declaration that Yaacov Schwartz's United States Design Patent D713,891 is not infringed by Laltitude.

**ON THE FIFTH CAUSE OF ACTION**

7. For an award representing the disgorgement of the amount of ill-gotten gains through Mr. Schwartz's and 18th Ave's unjust business practices.

8. For punitive damages in an amount appropriate to punish or make an example out of Mr. Schwartz and 18th Ave.

**ON THE SIXTH CAUSE OF ACTION**

9. For money damages to compensate Laltitude for the harm caused by Mr. Schwartz's and 18th Ave's trade libel, including lost profits.

10. For punitive damages in an amount appropriate to punish or make an

example out of Mr. Schwartz and 18th Ave.

### ON THE SEVENTH CAUSE OF ACTION

11. For money damages to compensate Laltitude for the harm caused by Mr. Schwartz's and 18th Ave's intentional interference, including lost profits.

12. For punitive damages in an amount appropriate to punish or make an example out of Mr. Schwartz and 18th Ave.

### ON THE EIGHTH CAUSE OF ACTION

13. For money damages to compensate Laltitude for the harm caused by Mr. Schwartz's and 18th Ave's intentional interference, including lost profits.

14. For punitive damages in an amount appropriate to punish or make an example out of Mr. Schwartz and 18th Ave.

DATED: August 31, 2016

MARSHA E. DIEDRICH
CASONDRA K. RUGA
EVAN W. WOOLLEY
**ALSTON & BIRD LLP**

/s/ *Casondra K. Ruga*
Casondra K. Ruga
Attorneys for Plaintiff
**LALTITUDE LLC**